USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAM SNYDER,

                Plaintiff,

—against—

ROBERT G. ALLEN, MICHAEL SAVINO,
TEACHERS FEDERAL CREDIT UNION,
and CHRISTINE LOBASSO/SULLIVAN,

                Defendants.

1:18-cv-08238(ALC)

ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Plaintiff Miriam Snyder ("Plaintiff"), who is proceeding *pro se*, brings suit against Defendants Robert G. Allen, Michael Savino, Teachers Federal Credit Union ("TFCU"), and Christine Lobasso/Sullivan, (collectively, the "Defendants"). Plaintiff alleges claims against all the Defendants pursuant to: Section 1983 deprivation of constitutional rights and privileges (first count), Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 (fourth count), General Business Law §§ 349, 380-B, 399-P (fifth count), Conspiracy to interfere with civil rights, 42 U.S.C. § 1985 (seventh count), 18 U.S.C. 241 Conspiracy (eight count), and the Americans with Disabilities Act (ninth count). She additionally asserts Defendants Robert G. Allen, Michael Savino and the TFCU (collectively, the TFCU Defendants), willfully (second count) and negligently (third count) violated the Fair Credit Reporting Act 15 U.S.C. § 1681 and Defendant Sullivan violated the N.Y. Judiciary Law § 487. For the reasons set forth below, the Defendants' motions are **GRANTED**.

**COPIES MAILED**

1

## BACKGROUND[1]

### I. Factual Background

Plaintiff is a resident of the Bronx, New York. In January of 2018, Plaintiff visited Major World and leased a Chrysler 300. *See* Pl.'s Ex. 13 at 2. In the application, Plaintiff signed a document which states "[y]ou authorize the Credit Union to obtain credit reports in connection with this application for credit and for any update, increase, renewal, extension, or collection of the credit received." TFCU Defs.' Ex. B. On February 5, 2018, Plaintiff signed a document entitled "Attestation of Cancelled Lease of the 2018 Challenger Dodge due to Dealership Car Lease Defects and Omissions and Return of Miriam Snyder's Chrysler 200." Pl.'s Ex. 13A.

A few months later, in June of 2018, Plaintiff obtained her consumer credit report from Trans Union, which included an inquiry dated January 31, 2018 from the TFCU Defendants. Compl. ¶ 29, 33. Plaintiff alleges she did not permit the TFCU Defendants to obtain her credit report and that she does not have a relationship with TFCU Defendants. *Id.* ¶ 30. On June 22, 2018, Plaintiff sent the TFCU Defendants a dispute letter, seeking to determine their purpose in running her report. *Id.* ¶ 31. Shortly thereafter, on July 5, 2018, Plaintiff sent the TFCU Defendants a notice, informing the TFCU Defendants of her intent to pursue litigation. *Id.* ¶ 36. Defendant Sullivan responded to the July 5, 2018 letter on July 17, 2018, indicating that her law firm represented that TFCU Defendants. Pl.'s Ex. 13. The letter stated "TFCU has committed no violation of the Fair Credit Reporting Act with respect to [Plaintiff's] credit report" as the "TFCU had a permissible purpose to make an inquiry" and the it "had express authorization as set forth in [Plaintiff's] application." *Id.* Defendant Sullivan signed said letter with the name

---

[1] Unless otherwise indicated, the following facts are drawn from Plaintiff's Complaint and are taken as true for the purposes of these motions to dismiss.

2

"Christine Sullivan." *Id.* Subsequently, Plaintiff searched for the name "Christine Sullivan" in the NYS Attorney registration records but did not find an attorney with such a name. *Id.* ¶ 37.

On or about July 24, 2018, Plaintiff called Defendant Sullivan and left a voicemail, informing her that she believed Defendant Sullivan was impersonating an attorney. *Id.* ¶ 38. Defendant Sullivan responded to said voicemail and informed Plaintiff that the surname included in her registration records was "Lobasso" and her law license number is 2955839. *Id.* ¶ 38.

## II. Procedural Background

Plaintiff filed a complaint on September 10, 2018. On October 24, 2018, the Court entered an Order denying Plaintiff's request for immediate injunctive and declaratory relief; the Court further instructed the Clerk of the Court to effect service on the Defendants. *See* ECF No. 10. On February 11, 2019, the Court set a briefing schedule, which required Defendants to file motions to dismiss by March 11, 2019, Plaintiff's opposition(s) by May 10, 2019, and Defendants' replies by May 24, 2019. *See* ECF No. 27. Although Defendants filed motions to dismiss on March 11, 2019, *see* ECF 30, 36, and served said motions on Plaintiff that same day, *see* ECF Nos. 34-35, Plaintiff failed to meet her May 10, 2019 deadline. On June 5, 2019, the Court accordingly issued an Order notifying Plaintiff that if she did not submit responses to Defendants' motions by July 5, 2019, the Court would decide the motions to dismiss on the merits without Plaintiff's response. *See* ECF No. 44. Plaintiff then requested time extensions, and Plaintiff's opposition briefs were ultimately due on December 4, 2019. *See* ECF No. 50. However, Plaintiff only filed an opposition to Defendant Sullivan's motion on December 6, 2019. *See* ECF No. 52.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* 663.

## DISCUSSION

As a preliminary matter, in light of the fact that Plaintiff is *pro se*, the Court will liberally construe her pleadings and filings. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) ("A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also O'Neal v. Spota*, 744 F. App'x 35, 36 (2d Cir. 2018) ("[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.") (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)). Accordingly, the Court construes Plaintiff's opposition to Defendant Sullivan's motion as an opposition brief against the TFCU Defendants as well.

However, the liberal pleading standard afforded to *pro se* litigants does not apply to new causes of actions that are raised for the first in an opposition brief. *See Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) ("A *pro se* plaintiff may not raise "entirely new" causes of action for the first time in his opposition papers, but the Court may consider new claims appearing for the first time in briefing if "the claims could have been asserted based on the facts alleged in the complaint.") (quoting *Vlad-Berindan v. MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *5 (S.D.N.Y. 2014)). Here the Court finds Plaintiff's claims concerning the TFCU Defendant's alleged violations of their membership requirements is an entirely new claim that could not have been asserted based on the factual allegations in Plaintiff's Complaint. Accordingly, the Court will not address these contentions.

I. **Claims Against TFCU Defendants**

   *a. FCRA Claims*

The "'FCRA provides a private right of action against businesses that use consumer reports but fail to comply' with a duty imposed by the Act." *Wilson v. Corelogic SafeRent, LLC*, No. 14-CV-2477, 2017 WL 4357568, at *3 (S.D.N.Y. Sept. 29, 2017) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). "To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an

impermissible purpose, and that the violation was willful or negligent." *Perl v. Am. Express,* Nos. 12–CV–4380, 12–CV–4796, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012); *see also* 15 U.S.C. §§ 1681n, 1681o. Under Section § 1681b(a), a "consumer reporting agency may furnish a consumer report" when it has reason to believe the person requesting such a report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished. . ." 15 U.S.C. § 1681b(a)(3)(A); *see also Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014).

Here, Plaintiff alleges the TFCU Defendants impermissibly obtained her consumer credit report. In particular, Plaintiff claims that the TFCU Defendants were not parties to the auto lease contract, which she alleges was fraudulent. Plaintiff further alleges she did not enter into any agreements with TFCU. However, as indicated in the fully executed auto lease application, Plaintiff application states, "[y]ou authorize the Credit Union to obtain credit reports in connection with this application for credit and for any update, increase, renewal, extension, or collection of the credit received." TFCU Defs.' Ex. B.[2] Because Plaintiff expressly consented to the TFCU Defendants obtaining her report and the purpose of obtaining that report was "in connection with a credit transaction involving the consumer," Plaintiff has not plausibly alleged the TFCU Defendants violated the FCRA. *See* 15 U.S.C. § 1681b(a)(3)(A). Accordingly, Plaintiff's FCRA claims are dismissed.

## II. Claims Against All Defendants

### a. § 1983 Claims

---

[2] Since Plaintiff references the auto lease application in her Complaint and Exhibit, the Court may consider the application. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.")

6

"To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *see also Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir.1992). A complaint under § 1983 "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) (citations omitted). Here, Plaintiff asserts the Defendants deprived her of her constitutional rights under the First, Fifth and Fourteenth Amendments. However, Plaintiff does not allege the Defendants were acting under the color of state law. Plaintiff's first cause of action therefore is dismissed. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citing *Spear*, 954 F.2d at 68) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.").

 *b. FDCPA Claims*

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S. Code § 1692e; *see also Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 653 (S.D.N.Y. 2006) (citations omitted) ("The FDCPA establishes a civil cause of action against 'any debt collector who fails to comply with any provision of this subchapter with respect to any person.'"). The FDCPA states "'debt collector' means any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The

term expressly "does not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.*

In this case, Plaintiff fails to allege sufficient facts to demonstrate the Defendants are debt collectors. Instead she makes conclusory statements, defining TFCU Defendants as debt collectors and claims the Defendant Sullivan is vicariously liable for their violations. *See e.g.*, Compl. ¶ 84 ("Defendants are working as debt collectors"). However, even if Plaintiff's claims were not conclusory, Plaintiff's FDCPA claims would otherwise fail because creditors, are excluded from the FDCPA pursuant to 15 U.S.C. § 1692a(6)(A). *See Rutty v. Krimko*, 789 F. App'x 916, 917 (2d Cir. 2020) (citations omitted) ("Thus, creditors—entities that 'purchase a debt and then try to collect it'—are not debt collectors within the meaning of the statute because they seek to collect a debt that they own."). Accordingly, because the TFCU Defendants are not debt collectors as defined by the FDCPA, these claims must be dismissed as to all defendants.

### c. New York General Business Law Claims

#### i. Fraud Claims

Section 349 of New York General Business Law makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law. § 349(a). "To maintain a cause of action under § 349, a plaintiff must show: (1) that the defendant's conduct is 'consumer-oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010). Additionally, pursuant to Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a complaint alleging consumer fraud under New York law must: "(1) specify the statements that the plaintiff contends

were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). "A statement is 'fraudulent' if it was falsely made, or caused to be made, with the intent to deceive." *United States v. Sabbeth*, 262 F.3d 207, 217 (2d Cir. 2001) (citations omitted).

Here, Plaintiff's fraud claims do not satisfy the heightened pleading standard imposed by Rule 9(b). In fact, in numerous instances Plaintiff makes conclusory assertions of misrepresentations without identifying specific statements that were fraudulent. *See e.g.*, Compl. ¶ 105 ("Defendants violated § 349 of the New York General Business Law by using deceptive documents, acts and practices in the conduct of their business"). Similarly, in other instances Plaintiff fails to explain how the Defendants' conduct and practices were fraudulent. *See e.g.*, Compl. ¶ 108 ("Defendants have fraudulently inquired and obtained the Plaintiff's credit report."). To the extent that Plaintiff claims Defendants engaged in fraud because Plaintiff did not provide them permission or enter into a contract with Defendants, such claims must be dismissed because they are expressly refuted by Plaintiffs' fully executed application for the auto lease. *See* Defs.' Ex. B.

ii. New York Fair Credit Reporting Act ("NYFCRA") Claims

Similar to the FCRA, the NYFRCA penalizes "any person who knowingly and willfully obtains information concerning a consumer from a consumer reporting agency under false pretenses. . ." N.Y. Gen. Bus. L. § 380-o. Under § 380-b(b), a consumer report may be obtained for "in connection with an application . . . for credit." N.Y. Gen. Bus. L. § 380-b(b). However, before doing so, the applicant must "first [be] informed in writing or in the same manner in which the application is made that (i) a consumer report may be requested in connection with

such application, and (ii) the applicant upon request will be informed whether or not a consumer report was requested, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report." *Id.* "Generally, courts have interpreted the federal and New York statutes similarly." *Stonehart v. Rosenthal*, No. 01 CIV. 651 (SAS), 2001 WL 910771, at *7 (S.D.N.Y. Aug. 13, 2001) (citing *See Ali v. Vikar Mgmt. Ltd.*, 994 F.Supp. 492 (S.D.N.Y.1998)). Consequently, the Court's analysis of Plaintiff's FCRA claims are applicable to those arising under the NYFCRA and as such, the NYCRA claims must be dismissed.[3]

### d. ADA Claim

To establish a violation of the ADA, a plaintiff must prove, "(1) that [s]he is a 'qualified individual' with a disability; (2) that [s]he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to h[er] disability." *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 153 (2d Cir. 2013). A private suit for money damages under the ADA may only be maintained against a state if the plaintiff can establish that the violation was motivated by either "discriminatory animus or ill will due to disability." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 115 (2d Cir. 2001). Here, Plaintiff's claims fail to adequately allege that she is a qualified individual with a disability. In fact, her Complaint simply states she "is a retired educator who was injured on the job," without specifying her disability. Compl. ¶ 149. However, even if Plaintiff plausibly alleged, she is a qualified individual with a disability, her claim would otherwise fail because she has not plausibly alleged

---

[3] Even if Plaintiff had plausibly alleged claims under the FCRA, Plaintiffs' NYFCRA claims would otherwise be dismissed because they are preempted under the 1681t(b)(1)(F) of the FCRA. *See Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 449 (2d Cir. 2015) ("To summarize: we hold that 15 U.S.C. § 1681t(b)(1)(F) preempts only those claims that concern a defendant's responsibilities as a furnisher of information under the FCRA.")

the Defendants are a public entity or that they were aware of her disability, such that they could have motivated their conduct. Plaintiff's ADA claim therefore must be dismissed.

### e. Conspiracy Claims

#### i. 18 U.S.C. § 241

18 U.S.C. § 241, Conspiracy against rights, is a criminal statute, which does not provide a private right of action. *See Uppal v. New York State Dep't of Health*, No. 16-CV-3038 (VSB), 2019 WL 4735385, at *7 (S.D.N.Y. Sept. 27, 2019) (citing *Bender v. Gen. Servs. Admin.*, No. 05 Civ. 6459(GEL), 2006 WL 988241, at *1 (S.D.N.Y. Apr. 14, 2006)); *Greenland v. Municipality of Westchester Cty.*, No. 18-CV-3157 (KMK), 2019 WL 4640061, at *5 (S.D.N.Y. Sept. 24, 2019) (citing *Storm-ggink v. Gottfried*, 409 Fed. App'x 426, 427 (2d Cir. 2011)) ("[N]othing in the language or structure of § 241 suggests that Congress intended to create a private right of action under that section[.]"). Plaintiff's claims arising under 18 U.S.C. 18 U.S.C. § 241 must therefore be dismissed.

#### ii. 42 U.S.C. 1985(3)

"To make out a violation of Section 1985(3), a plaintiff 'must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Nguyen v. Bush*, No. 15-CV-641, 2015 WL 1966296, at *5 (E.D.N.Y. May 1, 2015) (quoting *Robinson v. Allstate Ins. Co.*, 508 F. App'x 7, 9 (2d Cir.2013)). With respect to the second element, a plaintiff must show that the conspiracy was motivated by "some racial or

perhaps otherwise class-based, invidious discriminatory animus." *Id.* (quotation marks and citations omitted).

In this case, Plaintiff in a conclusory fashion alleges "[t]he Defendants conspired with agents at Major World car dealership . . . to deprive [her] of equal protection of the laws and equal privileges and immunities under the laws." Compl. ¶ 140. Plaintiff, however, fails to plausibly allege facts showing the Defendants' entered into an agreement or that Defendants' conduct was motivated by discriminatory animus. Further, even if Plaintiff had plausibly alleged such facts, her claim would otherwise fail because "Section 1985 creates no substantive rights." *Gropper v. Fine Arts Hous., Inc.*, 12 F. Supp. 3d 664, 671 (S.D.N.Y. 2014). Because Plaintiff's federal claims have all been dismissed, Plaintiff's §1985(3) cannot survive. *Knight v. City of New York*, 303 F. Supp. 2d 485, 501–02 (S.D.N.Y. 2004), *aff'd*, 147 F. App'x 221 (2d Cir. 2005). As such, Plaintiff's conspiracy claim § 1985(3) is dismissed.

### III. Claims Against Defendant Sullivan

#### a. New York Judiciary Law Claim

Pursuant to New York Judiciary Law § 487, "[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor." N.Y. Judiciary Law § 487; *see also Iannazzo v. Day Pitney LLP,* No. 04–cv–7413, 2007 WL 2020052, at *11 (S.D.N.Y. July 10, 2007) ("To make out a claim under New York Judiciary Law § 487, a plaintiff must show, at a bare minimum, 'that defendants: (1) are guilty of deceit or collusion, or consent to any deceit or collusion; and (2) had an intent to deceive the court or any party.'"). Many "New York State courts interpreting the statute, as well as federal courts construing the state court decisions, have concluded that liability attaches under these Statutes only if the deceit is 'extreme' or

"egregious."" *Ray v. Watnick*, 182 F. Supp. 3d 23, 29 (S.D.N.Y. 2016), *aff'd*, 688 F. App'x 41 (2d Cir. 2017). Additionally, "[t]he plaintiff must also plead and prove actual damages caused by the deceit or collusion alleged." *Bryant v. Silverman*, 284 F. Supp. 3d 458, 472 (S.D.N.Y. 2018) (citing *Feldman v. Jasne*, 294 A.D.2d 307, 307, 742 N.Y.S.2d 540, 540 (1st Dep't 2002)).

Here, Plaintiff alleges Defendant Sullivan misrepresented her identity in her letter dated July 17, 2018, advising Plaintiff that TFCU had a permissible purpose and express permission from Plaintiff to obtain her credit report. *See* Pl.'s Ex. 11. Although it is true that Defendant Sullivan registered for the New York State Bar under the name "Christine Labasso," she informed Plaintiff that "Labasso" is the name listed on her attorney registration and provided her registration number. Accordingly, even if the Court were to conclude Defendant Sullivan's failure to use the surname indicated on her attorney registration was deceitful, Plaintiff has not plausibly alleged Defendant Sullivan intended to deceive Plaintiff nor that Defendant Sullivan's conduct was egregious. *See Ray v. Watnick*, 182 F. Supp. 3d 23, 29 (S.D.N.Y. 2016), *aff'd*, 688 F. App'x 41 (2d Cir. 2017); *see also Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 326 (S.D.N.Y. 2012) (citations omitted) ("In short, there is no evidence to support Stern's claim that Sperber engaged in misconduct, let alone misconduct 'sufficiently egregious' to be actionable under Section 487.").

## CONCLUSION

For the forgoing reasons, the Defendants' motions to dismiss are **GRANTED**.

**SO ORDERED.**

**Dated:** **March 13, 2020**
**New York, New York**

ANDREW L. CARTER, JR.
United States District Judge